## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                    Civ. No.  24-760

2012 FREIGHTLINER CASCADIA VIN: 1FUJGLDR2CSBD4244,

    *Defendant-in-rem.*

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Immigration and Nationality Act that is subject to forfeiture pursuant to 8 U.S.C. § 1324(b)(1).

### DEFENDANT *IN REM*

2. The Defendant *in rem* consists of the following:

    2012 FREIGHTLINER CASCADIA, VIN: 1FUJGLDR2CSBD4244

    (hereafter referred to as "Defendant Property").

3. The Defendant Property was seized by U.S. Border Patrol (USBP) and U.S. Customs and Border Protection (CBP) on March 20, 2024, in the District of New Mexico.

4. The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district.  Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On March 20, 2024, U.S. Border Patrol Agent (BPA) David Lara was assigned traffic check duties at the USBP immigration inspection checkpoint located on Interstate 10 west of Las Cruces, NM.  At approximately 12:30 am, a white commercial truck bearing Florida license plate AB91QV (i.e., the Defendant Property) pulled into the primary inspection point of the checkpoint.  BPA Lara questioned the driver, later identified as Humberto Moreira-Rodriguez, as to his citizenship and Moreira-Rodriguez indicated that he was a lawful permanent resident in the United States.

8. During the interaction described in paragraph 7, BPA Lara noticed that Moreira-Rodriguez was nervous and that his hands were shaking.  BPA Lara questioned Moreira-Rodriguez regarding whether he was traveling alone and, when Moreira-Rodriguez indicated that he had a co-driver who was asleep in the sleeper compartment of the truck, asked Moreira-Rodriguez to open the curtain so that BPA Lara could speak to the co-driver.  When Moreira-Rodriguez pulled the curtain aside, BPA Lara shined his flashlight into the sleeper compartment of the truck and noticed several people apparently seeking to conceal themselves from view.

9. Suspecting a human smuggling scheme, BPA Lara instructed Moreira-Rodriguez to turn the truck off.  BPA Lara and other BPAs detained Moreira-Rodriguez and his co-driver, later determined to be Reiner Perez-Hernandez.  BPA agents removed a total of twenty-three additional individuals from the sleeper compartment of the truck.  When BPAs questioned these individuals as to their citizenship, the individuals admitted that they were illegally present in the United States and did not have any authorization to enter the United States.

10. Moreira-Rodriguez subsequently admitted that he was knowingly transporting illegal aliens to Phoenix, Arizona, at the time of the above-described events on March 20, 2024 and that he expected to be paid in exchange for doing so.

11. The registered owner of the Defendant Property is NMYM Trucking LLC, which is a company based in Miami, Florida.  Nadia Maria Nunez-Hernandez is the owner and/or agent and representative of NMYM Trucking LLC.

12. Nunez-Hernandez was not present at the checkpoint on Interstate 10 on March 20, 2024 and did not witness the above-described events.  Nunez-Hernandez and other agents and representatives of NMYM Trucking LLC were aware, however, that the Defendant Property was used to further the transportation of illegal aliens in a manner that violated federal law.  Furthermore, after becoming aware of the Defendant Property being used to further the transportation of illegal aliens in a manner that violated federal law, Nunez-Hernandez and other agents and representatives of NMYM Trucking LLC did not do all that reasonably could be expected under the circumstances to terminate such use of the property.  Nunez-Hernandez and NMYM Trucking LLC therefore do not qualify as "innocent owner[s]" of the Defendant Property as that term is used in Title 18, United States Code, Section 983(d).

13. More specifically, Nunez-Hernandez and other agents and representatives were aware that the Defendant Property was used to further the transportation of illegal aliens in a

manner that violated federal law based on communications with one or more individuals personally involved in the alien smuggling activity.

### FIRST CLAIM FOR RELIEF

14.     The United States incorporates by reference the allegations in paragraphs 1 through 13 as though fully set forth herein.

15.     Title 8, United States Code, Section 1324(b)(1) subjects to forfeiture "[a]ny conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds."

11.     Defendant Property was used in the commission of a violation(s) of Title 8, United States Code, Section 1324(a), and is thus subject to forfeiture to the United States pursuant to Title 8, United States Code, Section 1324(b)(1).

WHEREFORE, Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs, and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,
ALEXANDER M.M. UBALLEZ
United States Attorney

*Filed Electronically July 27, 2024*

TAYLOR F. HARTSTEIN
Assistant U.S. Attorney
201 Third Street NW Suite 900
Albuquerque, NM 87102
(505) 346-7274